UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNDERWRITERS AT INTEREST, LLOYDS
a/s/o TRANSVALUE, INC.,

        Plaintiff,

-against-                      Case #:

AXA INSURANCE COMPANY,

        Defendant.

## COMPLAINT FOR DECLARATORY ACTION

Plaintiff, UNDERWRITERS AT INTEREST, LLOYDS a/s/o TRANSVALUE, INC. (hereinafter "LLOYDS"), files this action against Defendant, AXA INSURANCE COMPANY (hereinafter "AXA") and alleges as follows:

1. Plaintiff, LLOYDS is a foreign insurance association organized and existing under the laws of the England and is the subrogor of TRANSVALUE, INC. a Florida corporation organized and doing business from offices in Miami-Dade County.

2. Defendant AXA is a foreign insurance corporation, with its head office in Paris, France and who acquired and/or operates WINTERTHUR INSURANCE and as such is the parent of or successor in interest to WINTERTHUR.

### STATEMENT OF JURISDICTION

3. This action is brought under the provisions of 28 U.S.C. § 2201 to determine the rights and duties of the parties under the insurance policy, Policy Number HS06 AASV issued by WINTERTHUR to its insured, RCX, INC., through producing

agents HSBC Insurance Brokers Limited (hereinafter "HSBC") who were subsequently acquired by Marsh Brokers Limited.

## BACKGROUND FACTS

4. On or about February 13, 2006, HSBC on behalf of its principals (and AXA subsidiary) WINTERTHUR provided and issued in Florida, "Evidence of Insurance" to Transvalue, confirming that all risks coverage was in place with it for its insured, RCX, INC. subject to the limits set forth in the schedule. See, Exhibit "1" attached hereto.

5. These were the only terms and provisions provided to Transvalue and were issue knowing that Transvalue would reasonably rely upon them when Transvalue agreed to do business with WINTERTHUR'S insured, RCX, INC.

6. As a result, Transvalue entrusted valuable packages to RCX, INC. relying upon Exhibit "1".

7. As set forth in the Evidence of Insurance, AXA through Winterthur, represented that its policy was in place with effective dates of January 15th, 2006 through January 14th, 2007 and provided up to $4,000,000 worth of coverage for shipments involving Armored Vehicles.

8. On or before January 4, 2007, WINTERTHUR through its agents at HSBC issued an endorsement to the policy which extended the policy term through February 17th, 2007 and provided a copy of same, to Transvalue at its office in Miami, Florida. See, Exhibit "2".

9. In reliance upon the extension of the policy term as reflected in Exhibit "2". Transvalue entrusted valuable cargo to RCX, INC.

10. On or about January 27, 2007, while the above coverage was in effect, Transvalue delivered into the care, custody and control of RCX, INC. five valuable shipments of jewelry, valued together in excess of $732,198.98

11. ON or about January 28, 2007, between 6:15 and 6:30 A.M. RCX acting through its employee and/or agent, George DeJesus, picked up five shipments, accepting same at JFK Airport in New York and placed them into the armored vehicle owned and operated and/or used by RCX, INC.

12. While said property was received into the armored vehicle of RCX, INC. said property was never returned and never delivered resulting in the loss of the shipment and Plaintiff's payment to its insured in the sum of $732,198.98

### UNDERLYING ACTION AND REFUSAL TO DEFEND OR RESPOND

13. Plaintiff brought suit in the United States District Court for the Southern District of New York against WINTERTHUR's insured, RCX, INC. and obtained judgment against RCX, INC. in amount of $956,044.70 on June 17, 2010, a copy of which Judgment is attached hereto as Exhibit "3" which sum is in excess of the jurisdictional limits of this court, exclusive of claims for costs and attorney's fees.

14. WINTERTHUR was on notice of the claim and on notice that suit would be filed against its insured but WINTERTHUR, acting through its agents, declined to indemnify Transvalue and/or to defend its insured, RCX, INC. in the underlying cause of action to recover for Plaintiff's cargo loss.

15. Plaintiff alleged in the underlying Complaint that cargo that was received in good order by RCX, Inc., on January 28th, 2007, but was not delivered to the

consignee as promised by RCX, INC.   (See, Copy of Complaint; Exhibit "3").

16. The Policy was in full effective at the time of the loss.

17. Plaintiff maintains that coverage was afforded under the subject insurance policy in question for the incident described in the underlying case and should have provided indemnification in favor of Plaintiff and that there are no valid defenses to coverage and/or that any coverages that were valid have been waived and not preserved.

18. Specifically, on April 30th, 2008, by facsimile to defendant's agent, HSBC, the undersigned made a formal demand for a copy of the policy and compliance with Florida Statute section 627.4137.   See, Exhibit "4".

19. Defendant agent at HSBC responded, stating "Can confirm this has been passed to the relevant Underwriters for their instructions." See, Exhibit "5".

20. Thereafter, nothing further was heard from Defendant or its agents and therefore, as a result of its non-compliance with Florida statutes it is estopped from asserting defenses to coverage and any policy defenses are waived.

21. The Plaintiff is in immediate need of a determination of its rights including its right to recover under said policy to the extent of its damages and the judgment below.

**WHEREFORE, Plaintiff, LLOYDS respectfully requests that:**

A. This Court take jurisdiction of the cause;

B. This Court order, adjudge and decree that this is a proper cause of action for declaratory judgment and there is a bona fide controversy between the parties as to their respective rights, duties, status and liability;

C.  This Court declare that coverage is afforded under Policy Number HS06 AASV, issued by WINTERTHUR to RCX, INC. as the "Named Insured" there under arising out of or related in any fashion to the instant disappearance of cargo from RCX's armored car occurring on January 27 2007, as more fully described above; and,

D.  Declare that Defendant is bound by the Judgment entered against Defendant's insured in the sum of $956,044.70 plus post judgment interest and the costs of this action; and that

E.  This Court grant any such other and further relief to which the Plaintiff may be entitled.

Dated this 11th day of November 2010.

Respectfully,

By: S/Mitchell L. Shadowitz
MITCHELL L. SHADOWITZ, ESQ.
FLA. BAR #: 0899682
EMAIL: chatdo8@aol.com
SHADOWITZ ASSOCIATES, P.A.
551 N.W. 77th Street, Suite 102
Boca Raton, FL 33487
Tel: 561-241-6740
Fax: 561-241-6741
*Attorneys for Plaintiff,*
**UNDERWRITERS AT INTEREST,
LLOYDS a/s/o TRANSVALUE, INC.**